UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased,<br><br>            Plaintiff,<br><br>v.<br><br>DS1 LOGISTICS, INC. and THOMAS E. WEBB,<br><br>            Defendants. | )<br>)<br>)<br>)<br>) Case No.: 2:22-cv-00054<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Comes now Counsel, Renee J. Mortimer and Corban J. Cavanaugh of Lewis Brisbois Bisgaard & Smith LLP, on behalf of Defendants, DS1 LOGISTICS, INC. ("DS1") and THOMAS E. WEBB ("WEBB") (collectively, the "Defendants"), and hereby files this Notice of Removal pursuant to 28 U.S.C.S. § 1446, and invokes this Court's jurisdiction under the provisions of 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1441(b). In support of said removal, Defendants state as follows:

1. On January 31, 2022, Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, filed a Complaint against Defendants in the Lake County Superior Court, Lake County, Indiana, in a matter styled *EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased v. DS1 LOGISTICS, INC. and THOMAS E. WEBB*, under cause number 45D11-2201-CT-000110 (the "State Court Action"). *See* Exhibit A., Plaintiff's Complaint.

2. Plaintiff's Complaint is brought forth pursuant to Indiana's General Wrongful Death Act (I.C. § 34-23-1-1). *See* Ex. A, ¶4. Specifically, Plaintiff alleges that the death of

Decedent Steven D. Nilles was caused by the actions and/or omissions of Defendants. *See* Ex. A. ¶¶5-19.

3. On February 8, 2022, WEBB, by way of USPS Certified Mail #9414-8116-9900-0924-6627-44, was served with a copy of Plaintiff's Summons and Complaint. *See* Group Exhibit B., Webb's Summons, Certificate of Issuance of Summons, and USPS Delivery Receipt.

4. On February 11, 2022, DS1, by way of USPS Certified Mail #9414-8116-9900-0924-6418-55, was served with a copy of Plaintiff's Summons and Complaint. *See* Group Exhibit C., DS1's Summons, Certificate of Issuance of Summons, and USPS Delivery Receipt.

5. 28 U.S.C.S. § 1446(b)(1), provides that a notice of removal shall be filed within thirty (30) days after the defendant receives a copy of the plaintiff's initial pleading. Moreover, pursuant to 28 U.S.C.S. § 1446(b)(1)(C), if defendants are served at different times, the later-served defendant is entitled 30 days to remove the case to the district court, so long as the earlier-served defendant consents to the removal. As previously stated, Plaintiff commenced this lawsuit against Defendants on January 31, 2022. WEBB was served with the Complaint on February 8, 2022. DS1 was served with the Complaint on February 11, 2022. Both Defendants have consented to the removal of this action. As such, Defendants' Notice of Removal is timely filed under 28 U.S.C.S. § 1446(b), as the time by which removal must be effectuated is March 14, 2022, and this Notice of Removal has been filed in advance of that date.

6. The District Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.S. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. Moreover, because this cause of action meets the statutory criteria, Defendants are permitted to remove this case pursuant to 28 U.S.C.S. § 1441.

7.     28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…" On September 29, 2021, EMILY NILLES filed a Verified Petition for Appointment of Special Administratrix for Sole Purpose of Collecting Damages for Personal Injuries and Wrongful Death, in the Porter County Superior Court, under cause number 64D01-2109-ES-008851. *See* Exhibit D., Nilles' Verified Petition for Appoint of Special Administratrix. In the Petition, EMILY NILLES provided the following averment "STEVEN D. NILLES, at the time of his death, resided at 460 West 900 South, Town of Hebron, County of Porter, State of Indiana, leaving said claim for personal injuries and wrongful death." Exhibit D., ¶5. Thus, pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, is now and was at all relevant times, a citizen of the state of Indiana.

8.     Under 28 U.S.C.S. § 1332(c), a corporation is deemed a "citizen" in the state in which it was incorporated and the state in which its principal place of business is located. DS1 LOGISTICS, INC's state of incorporation was the state of Illinois, and its principal place of business is located in Illinois. *See* Exhibit E., DS1's Illinois Business Entity Report. Thus, pursuant to 28 U.S.C.S. § 1332(c), DS1 is now and was at all relevant times, a citizen of the state of Illinois.

9.     Individuals are deemed to be a "[c]itizen of the state in which they reside or—to be more precise—are domiciled." *Page v. Democratic Nat'l Comm.*, 2021 U.S. App. LEXIS 18407, at *7 (7th Cir. June 21, 2021) (citations omitted). THOMAS E. WEBB is now and was at all relevant times, a resident of the state of Florida. *See* Exhibit F., Webb's Florida CDL. Thus, pursuant to federal precedent, WEBB is now and was at all relevant times, a citizen of the state of Florida.

10. Plaintiff, as a result of Decedent's death, claims that Decedent's alleged dependents "have been permanently deprived of his love, companionship, services, care, comfort, guidance, support, and/or consortium…all to their damage in an amount exceeding Fifty Million ($50,000,000.00) Dollars." *See Ex*. A., ¶17. Additionally, Plaintiff claims that Decedent's Estate "has incurred funeral and burial expenses, administration expenses, as well as attorney's fees." *See Ex*. A., ¶18. Therefore, the amount of controversy exceeds the sum or value of $75,000, thus satisfying the amount in controversy requirement. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

11. As a result of the foregoing, diversity of citizenship and the jurisdictional minimum amount have been satisfied. Therefore, pursuant to 28 U.S.C.S. § 1332, this Court has jurisdiction over this matter.

11. Defendants, pursuant to 28 U.S.C.S. § 1446(d), have filed written notice of this Notice of Removal with the Clerk of the Lake County Superior Court, Indiana, concurrently with the filing of this Notice, and has served the same on Plaintiff.

12. Defendants, pursuant to 28 U.S.C.S. § 1446 (a), have attached to this Notice of Removal a copy of all pleadings, papers, and other orders served upon them in the State Court Action to date. (*See* Exhibit F., Indiana State Court Action Record).

13. Because Defendants have adequately set forth the requirements of 28 U.S.C.S. § 1332, § 1441, and § 1446, this Court may exercise its original jurisdiction and accept Defendants' removal of the State Court Action.

14. In the event that Plaintiff moves for remand, or this Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit supplemental authority, evidence, and argument in support of removal, as may be appropriate.

Wherefore, Defendants, DS1 LOGISTICS, INC. and THOMAS E. WEBB, hereby removes this action from the Lake County Superior Court, State of Indiana, and prays that this action proceeds in the United State District Court of the Northern District of Indiana, Hammond Division.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/ Corban J. Cavanaugh*
Renee J. Mortimer (20724-45)
Renee.Mortimer@lewisbrisbois.com
Corban J. Cavanaugh (35183-46)
Corban.Cavanaugh@lewisbrisbois.com
2211 Main Street, Suite 3-2A
Highland, IN 46322
Renee J. Mortimer Direct: 219.440.0604
Corban J. Cavanaugh Direct: 219.440.0621
T: 219.440.0600/F: 219.440.0601
***Attorneys for Defendants***