45D11-2201-CT-000110

Lake Superior Court, Civil Division 7

Filed: 1/31/2022 2:47 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** ) | IN THE LAKE _____ COURT | |
| ) SS: | | |
| **COUNTY OF LAKE** ) | SITTING AT _____, INDIANA | |

EMILY NILLES, as Special )
Administratrix of the Estate of )
STEVEN D. NILLES, Deceased, )
)
        Plaintiff, )
)
v. )   Cause No.
)
DS1 LOGISTICS, INC. and )
THOMAS E. WEBB, )
)
        Defendants. )

## COMPLAINT

EMILY NILLES, as Special Administratrix of the ESTATE OF STEVEN D. NILLES, Deceased, alleges and states in support of the Estate's Complaint against Defendants, DS1 LOGISTICS, INC. (hereinafter "DS1") and THOMAS E. WEBB (hereinafter "Webb") as follows:

1. At all times relevant, DS1 was and is an interstate motor carrier subject to the Federal Motor Carrier Safety Regulations, operating through and within the State of Indiana.

2. At all times relevant herein, there was in full force and effect in the State of Indiana, I.C. § 8-2.1-24-18, a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs").

3. At all times relevant, Webb was a truck driver employed by DS1.

4. EMILY NILLES, having petitioned the Porter County Superior Court, hereby files this wrongful death action, pursuant to I.C. § 34-23-1-1, in her capacity as Special

EXHIBIT A

Administratrix of the Estate of STEVEN D. NILLES, Deceased.

5. On September 17, 2021, Plaintiff's decedent, STEVEN D. NILLES, was lawfully travelling eastbound on State Road 2, in Lake County, Indiana.

6. On September 17, 2021, Webb was operating DS1's 2021 Freightliner semi-tractor with an attached 2019 Vanguard Trailer (hereinafter collectively "the tractor-trailer"), under the dispatch and control of DS1, westbound on State Road 2, turning left onto the southbound I-65 entrance ramp, in Lake County, Indiana.

7. The tractor-trailer displayed DS1's logos and DOT No. 2923266.

8. On and before September 17, 2021, DS1 and Webb were subject to the Federal Motor Carrier Safety Regulations.

9. On and before September 17, 2021, DS1 owed Plaintiff's decedent, and others lawfully traveling on the roadway a duty to use reasonable care in the inspection, maintenance, repair, entrustment, and operation of the tractor-trailer they were operating, and in the hiring, training, retention and supervision of the drivers chosen to operate it.

10. On and before September 17, 2021, DS1 breached the foregoing duties and was negligent, willful, wanton, and/or reckless.

11. On and before September 17, 2021, Webb owed Plaintiff's decedent, and others lawfully traveling on the roadway, a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

12. On and before September 17, 2021, Webb breached the foregoing duties and was negligent, willful, wanton, and/or reckless.

13. On September 17, 2021, as a direct and proximate result of the aforesaid actions and omissions, DS1 and Webb turned the tractor-trailer left crashing into the side of Plaintiff's Decedent, as he was lawfully travelling on State Road 2.

14. Webb and DS1 failed to yield the right of way to Plaintiff's Decedent, who was approaching from the opposite direction, and was so close to the intersection as to

constitute an immediate hazard

15. As a direct and proximate result of Defendants' negligence, willfulness, wantonness, and/or recklessness as aforesaid, Plaintiff's decedent suffered severe and painful personal injuries which resulted in his death.

16. Plaintiff's decedent was thirty years of age and is survived by his spouse, EMILY NILLES, and their minor son.

17. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions as aforesaid, his dependents have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/or consortium which he had ably provided prior to September 17, 2021, all to their damage in an amount exceeding Fifty Million ($50,000,000.00) Dollars.

18. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions, as aforesaid, Decedent's Estate has incurred funeral and burial expenses, administration expenses, as well as attorney's fees.

19. DS1 is vicariously liable for Webb's negligence.

WHEREFORE, EMILY NILLES, as Special Administratrix of the ESTATE of STEVEN D. NILLES, seeks the entry of judgment in her favor and against DS1 LOGISTICS, INC. and THOMAS E. WEBB, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, prejudgment interest, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

/s/Bryan L. Bradley_____
Kenneth J. Allen (3857-45)
Bryan L. Bradley (17877-46)

## JURY DEMAND

Plaintiff demands trial by jury on her Complaint.

                                                  **ALLEN LAW GROUP, LLC**
                                                  Attorneys for Plaintiff

                                                  /s/Bryan L. Bradley
                                                  Kenneth J. Allen (3857-45)
                                                  Bryan L. Bradley (17877-46)



Reply to Office Indicated

☑ **ALLEN LAW BUILDING:**
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ **JOLIET OFFICE:**
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
77 W. Wacker Drive
Chicago, IL 60601
312.236.6292

www.kenallenlaw.com