UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> DS1 LOGISTICS, INC., THOMAS E. WEBB, STARLINE SOLUTIONS, INC., and C.H. ROBINSON WORLDWIDE, INC., <br><br> Defendants. | Case No.: 2:22-cv-00054-TLS-JPK |

## THIRD AMENDED COMPLAINT

Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, for her Third Amended Complaint against DS1 LOGISTICS, INC., THOMAS E. WEBB, C.H. ROBINSON WORLDWIDE INC., and STARLINE SOLUTIONS, INC., alleges and states as follows:

### Jurisdiction and Venue

1. Defendant, DS1 LOGISTICS, INC. (hereinafter "DS1"), is an Illinois corporation with its principal place of business in Illinois. Therefore, DS1 is a citizen of the State of Illinois.

2. Defendant, THOMAS E. WEBB (hereinafter "Webb"), is a resident and citizen of the State of Florida.

3. Defendant, C.H. ROBINSON WORLDWIDE INC., is a Delaware corporation, with its principal place of business in the State of Minnesota.

4. Defendant, STARLINE SOLUTIONS, INC., is an Illinois corporation with its principal place of business in Illinois. Therefore, Starline is a citizen of the State of Illinois.

5. Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, is a resident and citizen of the State of Indiana.

6. The Estate of Steven D. Nilles, Deceased is pending in the Porter County, Indiana Superior Court.

7. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

8. This Court has jurisdiction over this Complaint and parties pursuant to 28 U.S.C. § 1332(a) as this is a civil action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

9. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the underlying motor vehicle collision upon which this action is based occurred within this judicial district, in Lake County, Indiana.

## Count I

Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, for Count I of her Third Amended Complaint against DS1 LOGISTICS, INC. and THOMAS E. WEBB, individually and as an employee, agent and/or servant of DS1, alleges and states as follows:

1. At all times relevant herein, DS1 was and is an interstate motor carrier.

2. At all times relevant herein, WEBB was employed as a professional truck driver working for the pecuniary benefit of DS1.

3. On September 17, 2021 WEBB was a professional truck driver operating DS1's 2021 Freightliner semi-tractor with attached Starline Solution's 2019 Vanguard Trailer (hereinafter collectively "the tractor-trailer").

4. On September 17, 2021, WEBB was operating the tractor-trailer under DS1's motor carrier operating authority and displaying its logo and U.S. DOT number 2923266.

5. On September 17, 2021, Plaintiff's decedent, STEVEN D. NILLES, was lawfully travelling eastbound on State Road 2, in Lake County, Indiana.

6. On September 17, 2021, Webb was operating the tractor-trailer under the dispatch and control of DS1, westbound on State Road 2, turning left onto the southbound I-65 entrance ramp, in Lake County, Indiana.

7. On and before September 17, 2021, DS1 and Webb were subject to the Federal Motor Carrier Safety Regulations.

8. On and before September 17, 2021, DS1 owed Plaintiff's decedent, and others lawfully traveling on the roadway a duty to use reasonable care in the inspection, maintenance, repair, entrustment, and operation of the tractor-trailer they were operating, and in the hiring, training, retention and supervision of the drivers chosen to operate it.

9. On and before September 17, 2021, DS1 breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia*:

(A) DS1 did not systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

(B) DS1 did not cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

(C) DS1 did not obtain Webb's complete application for employment in violation of Part 391 of the FMCSRs;

(D) DS1 did not require Webb to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E) DS1 encouraged Webb to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F) DS1 did not maintain records and documents as required under Part 390 of the FMCSRs;

(G) DS1 improperly maintained records and documents in violation of Part 390 of the FMCSRs;

(H) DS1 did not maintain a complete driver's qualification file for Webb in violation of Part 391of the FMCSRs;

(I) DS1 improperly maintained a driver's qualification file for Webb in violation of Part 391 of the FMCSRs;

(J) DS1 required Webb to operate its tractor-trailer, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K) DS1 did not adequately train Webb when reasonable training would have equipped Webb with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L) DS1 did not train Webb on defensive driving techniques, including proper space management;

(M) DS1 did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N) DS1 did not inspect or require Webb to inspect the brakes and slack adjusters on his tractor-trailer as required by Part 396 of the FMCSRs;

(O) DS1 did not maintain the brakes on its tractor-trailer as required by Part 393 of the FMCSRs;

(P) DS1 operated without adequate safety management controls;

(Q) DS1 selected Webb who it knew or should have known was not a careful and competent truck driver;

(R) DS1 did not monitor and supervise Webb's work;

(S) DS1 required unreasonable time demands;

(T) DS1 aided and abetted Webb's violation of the FMCSRs; and/or

(U) DS1 failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

10. As a direct and proximate result of DS1's willfulness and wantonness, Plaintiff's decedent's motorcycle was violently crashed into from the side while he was lawfully traveling across the intersection.

11. On and before September 17, 2021, Webb owed Plaintiff's decedent, and others lawfully traveling on the roadway, a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

12. On and before September 17, 2021, Webb breached the foregoing duties and

was negligent, willful, wanton, and/or reckless in one or more of the following respects, *inter alia.*:

(A) Webb drove his tractor-trailer at a speed which was greater than reasonable and proper;

(B) Webb did not keep a proper lookout for other vehicles upon the roadway;

(C) Webb operated the tractor-trailer while distracted;

(D) Webb disregarded the traffic control device;

(E) Webb did not maintain control over his tractor-trailer so as to avoid colliding with Plaintiff's Decedent;

(F) Webb operated his truck at an unreasonable speed given the extant road and traffic conditions;

(G) Webb failed to timely apply his brakes;

(H) Webb failed to yield the right of way;

(I) Webb made unsafe and unreasonable lane movements;

(J) Webb failed to take evasive maneuvers to avoid a collision; and/or

(K) Webb failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

13. On September 17, 2021, as a direct and proximate result of the aforesaid actions and omissions, DS1 and Webb turned the tractor-trailer left crashing into the side

of Plaintiff's Decedent, as he was lawfully travelling on State Road 2.

14. Webb and DS1 did not yield the right of way to Plaintiff's Decedent, who was approaching from the opposite direction, and was so close to the intersection as to constitute an immediate hazard.

15. As a direct and proximate result of Defendants' negligence, willfulness, wantonness, and/or recklessness as aforesaid, Plaintiff's decedent suffered severe and painful personal injuries which resulted in his death.

16. Plaintiff's decedent was thirty years of age and is survived by his spouse, EMILY NILLES, and their minor son.

17. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions as aforesaid, his dependents have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/or consortium which he had ably provided prior to September 17, 2021.

18. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions, as aforesaid, Decedent's Estate has incurred funeral and burial expenses, administration expenses, as well as attorney's fees.

19. DS1 is vicariously liable for Webb's negligence.

WHEREFORE, EMILY NILLES, as Special Administratrix of the ESTATE of STEVEN D. NILLES, seeks the entry of judgment in her favor and against DS1 LOGISTICS, INC. and THOMAS E. WEBB, and each of them, for compensatory damages

in an amount to be determined herein, for the costs of this action, prejudgment interest, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## Count II

Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, for Count II of her Third Amended Complaint against C.H. ROBINSON WORLDWIDE INC., alleges and states as follows:

1. At all times relevant herein, C.H. ROBINSONWORLDWIDE INC. (herein "CHRW") was and is a Delaware corporation.

2. At all times relevant herein, WEBB was employed as a professional truck driver working for the pecuniary benefit of DS1 and C.H. ROBINSON WORLDWIDE, INC. (herein "CHRW").

3. Plaintiff herein incorporates by reference paragraphs 1-14 from Count I, as if fully set forth herein.

4. At all times relevant herein, DS1 agreed to perform transportation and delivery services for CHRW and was engaged in those transportation and delivery services at the time of the occurrence.

5. At the time of the occurrence, WEBB was operating the tractor-trailer under DS1's motor carrier authority, and was in the performance of transportation and delivery services for the mutual benefit of CHRW and DS1.

6. At all times relevant herein CHRW had agreed to provide transportation services to Amazon Fulfillment Services, Inc. (herein "Amazon"), and was in the performance of those transportation and delivery services at the time of the crash herein.

7. At all times relevant herein, CHRW was responsible for the full performance of the transportation and delivery services, which were being performed by CHRW, DS1, and WEBB at the time of the crash alleged herein.

8. At all times relevant herein, CHRW was responsible for all acts, omissions, negligence and misconduct of DS1 and Webb, while DS1 and WEBB were in the performance of the transportation and delivery services.

9. At all times relevant herein, CHRW was responsible for the full performance of the transportation and delivery services, including the services being performed by DS1 and Webb.

10. As a direct and proximate result of Defendants' negligence, willfulness, wantonness, and/or recklessness as aforesaid, Plaintiff's decedent suffered severe and painful personal injuries which resulted in his death.

11. Plaintiff's decedent was thirty years of age and is survived by his spouse, EMILY NILLES, and their minor son.

12. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions as aforesaid, his dependents have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/or

consortium which he had ably provided prior to September 17, 2021.

13. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions, as aforesaid, Decedent's Estate has incurred funeral and burial expenses, administration expenses, as well as attorney's fees.

14. At all times material hereto, Defendants, DS1 and WEBB, were acting within the course and scope of their agency with CHRW, and in furtherance of CHRW's business interests. CHRW is vicariously liable for the negligence of Defendants, DS1 and WEBB.

WHEREFORE, EMILY NILLES, as Special Administratrix of the ESTATE of STEVEN D. NILLES, seeks the entry of judgment in her favor and against C.H. ROBINSON WORLDWIDE INC., for compensatory damages in an amount to be determined herein, for the costs of this action, prejudgment interest, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## **Count III**

Plaintiff, EMILY NILLES, as Special Administratrix of the Estate of STEVEN D. NILLES, Deceased, for Count III of her Third Amended Complaint against STARLINE SOLUTIONS, INC, alleges and states as follows:

1. Starline Solutions, Inc. (herein "Starline") was engaged in motor carrier activities, including the provisioning of loads, equipment, motor carrier consulting, 3PL, and other motor carrier services.

2. At all times relevant, WEBB was operating a tractor-trailer under the motor carrier authority of DS1, utilizing, *inter alia.*, Starline's Vanguard trailer, load assignment, and services.

3. The motor carrier work was being performed for the mutual benefit of DS1, Starline, and Webb.

4. Starline had a duty to act reasonably in hiring, entrusting, provisioning, instructing, supervising, and retaining DS1 and Webb to transport cargo in interstate commerce and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe; and to ensure that it acted reasonably in its entrustment of its trailer, load assignments, and work to DS1 and Webb.

5. Starline breached these duties by, among other things, enabling and arranging for commercial transportation by an unsafe driver and motor carrier.

6. In addition, especially as a sophisticated and knowledgeable entity engaged in motor carrier services, 3PL, broker, joint venturer, motor carrier management consulting, and freight forwarding, Starline knew, or should have known and should not have ignored, such facts and indications of DS1's and Webb's unfitness to operate safely and comply with the duties of an interstate motor carrier.

7. At the time of the occurrence, WEBB was operating a tractor-trailer under the motor carrier authority of DS1, transporting Starline's Vanguard trailer enroute to the pickup location in Greenfield, Indiana, pursuant to DS1's agreements with Starline.

8. Webb had a duty to following state traffic laws and to operate the tractor-trailer in a reasonable and safe manner as a professional commercial driver should under the circumstances.

9. At the time of the collision, Webb breached his duty and was operating the tractor-trailer in an unreasonably, unsafe, and negligent manner. Specifically, Webb breached his duty by failing to use that degree of care that a professional commercial driver of ordinary prudence would have used under the same or similar circumstances.

10. Plaintiff herein incorporates the rhetorical paragraphs in Count I, as if fully stated herein.

11. As a direct and proximate result of Defendants' negligence, willfulness, wantonness, and/or recklessness as aforesaid, Plaintiff's decedent suffered severe and painful personal injuries which resulted in his death.

12. Plaintiff's decedent was thirty years of age and is survived by his spouse, EMILY NILLES, and their minor son.

13. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions as aforesaid, his dependents have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/or consortium which he had ably provided prior to September 17, 2021.

14. As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions, as aforesaid, Decedent's Estate has incurred funeral

and burial expenses, administration expenses, as well as attorney's fees.

15.     At all times material hereto, Defendants DS1 and Webb were acting within the course and scope of their agency or contract with Starline, and in furtherance of Starline's business interests. Starline is vicariously liable for the negligence of Defendants DS1 and Webb.

16.     As a direct and proximate result of Defendants' negligence, willfulness, wantonness, and/or recklessness as aforesaid, Plaintiff's decedent suffered severe and painful personal injuries which resulted in his death.

17.     Plaintiff's decedent was thirty years of age and is survived by his spouse, EMILY NILLES, and their minor son.

18.     As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions as aforesaid, his dependents have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/or consortium which he had ably provided prior to September 17, 2021.

19.     As a direct result of the death of Plaintiff's decedent proximately caused by Defendants' actions and omissions, as aforesaid, Decedent's Estate has incurred funeral and burial expenses, administration expenses, as well as attorney's fees.

WHEREFORE, EMILY NILLES, as Special Administratrix of the ESTATE of STEVEN D. NILLES, seeks the entry of judgment in her favor and against STARLINE SOLUTIONS, INC, for compensatory damages in an amount to be determined herein, for

the costs of this action, prejudgment interest, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley (17877-46)

## JURY DEMAND

Plaintiff demands trial by jury on all counts of her Third Amended Complaint.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

/s/Bryan L. Bradley

Bryan L. Bradley (17877-46)

### CERTIFICATE OF SERVICE

I certify that on June 8, 2023, I electronically filed the foregoing Third Amended Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Renee.Mortimer@lewisbrisbois.com; Corban.Cavanaugh@lewisbrisbois.com; bkroft@cassiday.com; and bfindley@acassiday.com.

/s/Bryan L. Bradley



Reply to Office Indicated

☑ ALLEN LAW BUILDING:
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ MOKENA OFFICE:
10062 W. 190th Place
Mokena, IL 60448
815.725.6292

☐ MERRILLVILLE OFFICE:
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ ORLAND PARK OFFICE:
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ INDIANAPOLIS OFFICE:
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ CHICAGO OFFICE:
77 W. Wacker Drive
Chicago, IL 60601
312.236.6292

www.Allen.Law