UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EMILY NILLES, as Special Administratrix of the Estate of Steve D. Nilles, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DS1 LOGISTICS, INC., THOMAS E. WEBB, and STARLINE SOLUTIONS, INC.,<br><br>Defendants. | CAUSE NO.: 2:22-CV-54-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on Defendant C.H. Robinson Worldwide, Inc.'s Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 58(d) [ECF No. 89], filed on January 8, 2024. The Plaintiff filed a response in opposition on January 22, 2024. ECF No. 91. Defendant C.H. Robinson Worldwide, Inc. (CHRW) did not file a reply, and the time to do so has passed.

## BACKGROUND

In the Third Amended Complaint, Plaintiff Emily Nilles, as Special Administratrix of the Estate of Steve D. Nilles, deceased, brings claims against Defendants DS1 Logistics, Inc. (DS1), Thomas E. Webb, Starline Solutions, Inc., and CHRW. ECF No. 59. All Plaintiff's claims arise out of a motor vehicle collision between Webb, who was operating a semi-tractor-trailer for DS1 Logistics, Inc., and Nilles, who was driving a motorcycle. Amazon Fulfillment Services, Inc. (Amazon) contracted with CHRW for transportation services, and CHRW subsequently brokered the freight shipment at issue to DS1. Webb was operating the semi-tractor-trailer for DS1 pursuant to the contract between CHRW and DS1 at the time of the collision that resulted in Nilles' death. The Plaintiff alleges that CHRW was responsible for the Plaintiff's damages by virtue of CHRW's contract with Amazon, which the Plaintiff alleges made CHRW vicariously

liable for Webb's negligence. On December 18, 2023, the Court granted CHRW's motion to dismiss, dismissing the Plaintiff's claim against CHRW with prejudice on the duty element of the negligence claim. ECF No. 86. The Plaintiff's claims against the other Defendants remain pending.

## ANALYSIS

In the instant motion brought pursuant to Federal Rule of Civil Procedure 58(d), CHRW asks the Court to enter final judgment under Federal Rule of Civil Procedure 54(b) on the Plaintiff's claim against it. Rule 54(b) provides, in relevant part, that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The first question is whether a final decision has been made that completely disposes of all claims against a particular party. *See United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990) ("Proper entry of judgment under Rule 54(b) requires first that the district court reach a judgment that is final in the sense that it completely disposes of a separate claim for relief or finally resolves all claims against a particular party or parties."); *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). Here, the Court's opinion dismissing with prejudice the Plaintiff's claim against CHRW meets the requirement of a final decision.

Next, the Court must determine whether "there is no just reason for delay" and, if so, make an express finding to that effect. *Ettrick Wood Prods.*, 916 F.2d at 1217–18; *Clark Mall Corp.*, 644 F.3d at 379. "To avoid time-consuming duplicative appeals, the norm in litigation—embodied in the general rule that a final judgment is one that leaves nothing to be decided—is one appeal per case." *Ettrick Wood Prods.*, 916 F.2d at 1218 (citing *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990)); *see also Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 940 (7th Cir. 2005). Here, CHRW contends generally that there is

no just reason for delay but offers no reasoning or legal support for its position. In contrast, the Plaintiff argues that entry of final judgment now as to CHRW while the Plaintiff's claims against the other defendants remain pending would result in time-consuming and duplicative appeals. The Court agrees. The Court does not discern any just reason to enter judgment under Rule 54(b) in this instance, and CHRW has not identified any such reason. As a result, the Court denies the motion.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant C.H. Robinson Worldwide, Inc.'s Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 58(d) [ECF No. 89].

SO ORDERED on February 2, 2024.

        s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT